**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WENDY MORALES FUENTES,

      Petitioner,

v.                              Case No. 3:26-cv-721-TJC-PDB

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

      Respondents.

## O R D E R

Petitioner, who is currently in the custody of the United States Immigration and Customs Enforcement (ICE), initiated this action by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On April 2, 2026, the Court directed Petitioner to file an Amended Petition no later than May 4, 2026, and to either pay the filing fee or move for leave to proceed in forma pauperis. (Doc. 2). Petitioner did not file anything further in this case, but on April 22, 2026, she did file a new habeas petition (opened as a new case, No. 3:26-cv-983-MMH-LLL), which the Clerk has now docketed as an Amended Petition in this case. (Doc. 3). Petitioner also paid the filing fee. (See doc. 1 docket text).

In her Amended Petition, Petitioner purports to raise a claim under Zadvydas v. Davis, 533 U.S. 678, 690 (2001). However, because she has been in

ICE custody for less than six months (since March 20, 2026), and it is unclear whether she has a final order of removal, she may not yet raise such a claim.

In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). After that six-month period has passed and the non-citizen "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien **not only must show post-removal order detention in excess of six months** but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052 (emphasis added).

Until her Zadvydas claim becomes ripe, Petitioner may be entitled to a bond hearing before an immigration judge under the recent decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir.

2

May 6, 2026). In that case, the Eleventh Circuit held that Immigration and Nationality Act § 226(a) (8 U.S.C. § 1226(a)), which permits bond hearings, governs the detention of non-citizens unlawfully in the interior. Id. at 1276. However, Petitioner has not made an argument under Hernandez Alvarez or requested a bond hearing—her Amended Petition only requests immediate release. (Doc. 3 at 7). Therefore, Petitioner may file a Second Amended Petition as outlined below.

Accordingly, it is hereby

**ORDERED**:

1. The Petition and Amended Petition are **dismissed without prejudice**.

2. If she seeks a bond hearing, Petitioner may file a Second Amended Petition stating a claim under Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. May 6, 2026).

3. If she intends to wait so she can refile her Zadvydas claim, Petitioner may file a Second Amended Petition after she has been in detention for six months (on or after **September 20, 2026**) and when she has a **final order of removal**. In addition to the information Petitioner has already included (which must be included again in any new petition), she must also include her country of origin; the date her order of removal was entered; the

3

date it became final; and the dates of any prior periods of ICE detention.

4.    The **Clerk of Court** shall **enter judgment** dismissing this case without prejudice and **close the file**.

5.    The Court directs the **Clerk** to **mail** Petitioner a copy of this Order and a blank petition for writ of habeas corpus form for use in § 2241 cases.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copy w/enclosures:

Wendy Morales Fuentes, A# 064 695 170

4